UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 14-61505-CIV-MORENO

JOSE SANTIAGO,

    *Plaintiff*,

vs.

DALE SAUNDERS, DALE'S WHEELS
AND TIRES DIRECT, INC., and DALE'S
PROPERTIES AND INVESTMENTS, INC.

    *Defendants*.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Dale Saunders owns and operates a tire repair company that employed Plaintiff Jose Santiago on an hourly basis to change and repair tires. Linda Saunders is the employer's wife and has, among other duties, the task of keeping records for Dale's Wheels' dozen employees, including ex-convicts on work release programs. Mr. Santiago filed suit claiming underpayment for overtime work and retaliation.[1]

The case proceeded to trial before a jury. At the end of Mr. Santiago's case, his lawyers voluntarily dismissed Mr. Santiago's retaliation claim and proceeded entirely on Mr. Santiago's overtime allegations. The jury was left to decide first, whether Mr. Santiago was occasionally required to work during his lunch break or beyond his scheduled end time, and second, whether Mr. Santiago worked a full 52.5 or 60.5 hour week during each week that he was paid for working less than 50.5 hours.

---

[1] Mr. Santiago alleged that after Mr. Santiago quit his job at Dale's Wheels, Mr. Saunders was upset and yelled at him while Mr. Santiago tried to deliver tires to Dale's Wheels for Mr. Santiago's subsequent employer. Mr. Santiago testified that he quit his post-Dale's Wheels job because the work was too hard and that he now works for a pool company.

-2-

The Defendants' weekly payroll records demonstrate that during most weeks, Mr. Santiago worked 50.5 hours per week, and that Mr. Santiago was paid at one and one-half times his regular rate for the 10.5 hours he worked beyond forty hours. *See* D.E. 87 (Plaintiff's Exhibit One); D.E. 88 (Plaintiff's Exhibit Two). In some weeks, the records indicate that Mr. Santiago worked between zero and 47.5 hours at his regular and overtime rates. *Id.* Mr. Santiago relied solely on his testimony to rebut the Defendants' payroll records.

The jury could not reach a decision and submitted a written question to the Court asking, "What are the number of hours the Plaintiff is seeking damages on?" The Court eventually granted a mistrial and the Defendants renewed their motion for judgment as a matter of law for Mr. Santiago's failure to present sufficient evidence of the amount and extent of overtime worked during his employment from June 2011 to 2014. The Court agrees that Mr. Santiago did not create an inference of underpayment and enters judgment for the Defendants.

Rule 50 provides that the Court may grant judgment as a matter of law if the Court finds that no reasonable jury would have a legally sufficient evidentiary basis to find for a party on an issue. FED. R. CIV. P. 50. The Court will only grant judgment of a matter of law "if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1246 (11th Cir. 2001). For the purpose of the instant motion, the Court views all the evidence in a light most favorable to Mr. Santiago and grants him the benefit of all reasonable inferences. *Bogle v. Orange County Board of County Commissioners*, 162 F.3d 653, 656 (11th Cir. 1998).

As with any Fair Labor Standards Act case, the burden of proof begins with Mr. Santiago to demonstrate that he was improperly compensated for his work. If, however, the employer maintained incomplete or inadequate employment records, then the plaintiff may satisfy his

burden by "prov[ing] that he has in fact performed work for which he was improperly compensated and [producing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). If the plaintiff does so, then "the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negat[e] the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88.

The Fair Labor Standards Act requires that employers keep records of how many hours an employee works and the amount the employee is paid. *See* 29 C.F.R. § 516.2. In this case, the Defendant employers maintained weekly payroll registers that detail the number of hours worked each week (including the amount of overtime and total compensation), but do not include a breakdown of the hours worked on a daily basis as required by 29 C.F.R. § 516.2(c). Because the Defendants did not maintain fully adequate employment records for Mr. Santiago's fixed schedule, the Court must consider whether Mr. Santiago produced sufficient evidence to create an inference that he was improperly compensated for his work, while recognizing the difficulty of recreating an employee's schedule years after the fact.

Giving Mr. Santiago the benefit of *Anderson*'s lightened burden of proof, Mr. Santiago has not produced any evidence from which a reasonable juror could infer that he was improperly compensated for his work. The record evidence shows that Mr. Santiago was paid time and one-half for each hour recorded after forty hours per week. Mr. Santiago's entire case relies on his uncorroborated testimony that he "sometimes" worked through lunch "maybe once or twice per month," and his attorney's blanket assertion that Mr. Santiago worked 52.5 or 60.5 hours per week. *See* Transcript, Testimony of Jose Santiago, at 18:6–7; 28:16–23. To form some estimate of the time worked, Mr. Santiago's lawyer extrapolated Mr. Santiago's testimony about his first

few weeks on the job across three years of employment to create the summary presented as Plaintiff's Exhibit Three (D.E. 86).² *See id.* at 21:13–23:1. Even during this process, the Plaintiff admitted that he did not remember which days or weeks he worked more hours than he was paid for. *Id.* at 22:24–23:14.

When defense counsel asked Mr. Santiago about the first weeks for which he claimed underpayment in Plaintiff's Exhibit Three, Mr. Santiago stated that the underpayment "could be the third week[;] [i]t could be the fourth week[;] [i]t could be a month later." *Id.* at 69:21–24. This testimony plainly undermines Plaintiff's Exhibit Three, in which Mr. Santiago claims underpayment for his third week of employment. Mr. Santiago provided "no documentation detailing [his] days or hours worked off-the-clock or any explanation as to how the jury should calculate [his] damages." *Jones v. Z.O.E. Enterprises of Jax, Inc.*, 2013 WL 4080328, No. 3:11-cv-377-J-32MCR, at *1 (M.D. Fla. 2013). Simply put, "the evidence is inconsistent and provides no details which would allow a jury to determine [Mr. Santiago] worked beyond forty hours in any specific week of his employment." *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1060 (8th Cir. 2014) ("[Plaintiff] has failed to come forward with 'sufficient evidence to show the *amount and extent* of [overtime] work' which would allow a fact-finder to find overtime hours 'as a matter of just and reasonable inference.'" (quoting *Anderson,* 328 U.S. at 687–88)). The Court has considered the adequacy of Mr. Santiago's uncorroborated testimony, and joins many others in holding that the plaintiff cannot create *Anderson*'s reasonable inference of underpayment if he cannot recall the vaguest details of the time he worked and the hours for

---

² There are two identical exhibits numbered "3" that purportedly summarize the hours worked and paid, including a column labeled "Plaintiff's Testimony." The notations about the Defendant's testimony in this demonstrative exhibit were made by Mr. Santiago's counsel (who incidentally claimed in excess of $123,775 in attorney fees in the joint pre-trial memorandum before the jury trial). In reaching its decision, the Court relies on Mr. Santiago's actual testimony and not on the conclusions of his counsel.

which he was underpaid. *See Ihegword v. Harris County Hospital District*, 555 F. App'x 372, 375 (5th Cir. 2014) ("As noted by the district judge, 'an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference.'").

Even assuming that Mr. Santiago did create an inference of underpayment, the Defendant negated the reasonableness of Mr. Santiago's testimony with a detailed payroll register, on which even the Plaintiff relied after admitting that he had no recollection of the time he worked. *See* Transcript, Testimony of Jose Santiago, at 21:13–22:4 ("Q: Did you have a vacation week? A: If it shows here, I probably did. I probably took that week off."). The Defendants also introduced two of Mr. Santiago's former coworkers, who rebuffed Mr. Santiago's testimony that he "sometimes" missed lunch or remained at the shop "once or twice fifteen minutes after the hours," *see id.* at 23:19-23, by recounting that Mr. Santiago was the last employee to arrive and the first to leave. Taken together, no reasonable juror could find that Mr. Santiago satisfied his burden of showing any amount of work for which he was underpaid, or that the Defendants' records—detailing the hours Mr. Santiago worked each week and the amount he was paid—were too imprecise to establish that Mr. Santiago was properly compensated for all time worked.

This is not a case of a cash basis business where employees are asked to work overtime off the books and at the same hourly rate.[3] In fact, this is a case where the employers kept records on a weekly basis and provided that information to a third party contractor. The Plaintiff's Exhibit Three, which merely aggregates the weeks for which the Defendants' records show that Mr. Santiago worked less than 50.5 hours, is not a reasonable or reliable estimate of the amount of work for which Mr. Santiago seeks recovery. Mr. Santiago's testimony at trial did

---

[3] Linda Saunders testified that on one or two occasions, she did pay Mr. Santiago cash when he came in to work on Saturday.

not rebut the record evidence submitted by the Defendants, or provide the jury with any reasonable basis to determine whether Mr. Santiago was underpaid and by how much. It is therefore

ADJUDGED that judgment of a matter of law is GRANTED in favor of the Defendants and against the Plaintiff.

DONE AND ORDERED in Chambers at Miami, Florida, this 20st day of July, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record